Filed 4/4/25  P. v. Chavez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335949 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. PA068853 |
| GEORGE ALFONSO CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed and remanded with instructions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

George Chavez pleaded no contest to counts of involuntary manslaughter and attempted murder and admitted allegations of personal use of a firearm and committing a felony while on bail.  Chavez filed a petition for resentencing under Penal Code section 1172.6.  The trial court found Chavez had not made a prima facie case for eligibility because he was the actual shooter.  After briefing in this case, the Supreme Court issued its opinion in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  In light of *Patton*, we remand and instruct the trial court to consider an amended petition if Chavez files one within 30 days of the remand.  Statutory citations are to the Penal Code.

We take our factual account of the crime from the testimony during the preliminary hearing.

Joel Garcia hired Hector Flores to deejay Garcia's younger sister's birthday.  The party was at Garcia's house.  Flores brought his friend Francisco Leon to help him deejay.  In the early morning hours after the party had died down, a small group of people was hanging out in a covered patio in front of the house: Garcia, Leon, Flores, and Garcia's cousin Adriana Cardenas.

Cardenas saw a light colored sedan pull into the driveway.  It paused for a few minutes, then turned and pulled out.  Cardenas could not see if anyone besides the driver was in the car because of the bright headlights.  About 15 minutes later, Cardenas saw a man walk up the driveway and stop about 15 feet from the group.  He shouted, "Where you from?"  Flores responded that they did not bang.  The man then yelled, "It's all about Humphrey Boys!," pulled out a gun, shot once into the air, and then shot several times at the group on the patio.  A bullet hit and killed Leon.

At the preliminary hearing, Cardenas testified that she had identified Chavez as the shooter from a six-pack and identified him again in court. A detective testified that Chavez was a known member of the Humphrey Boys gang and had previously been arrested in a light colored Camry with other gang members.

An information charged Chavez with one count of murder, three counts of attempted murder, two counts of shooting at an inhabited dwelling, one count of street terrorism, and one count of discharge of a firearm with gross negligence. A jury trial commenced.

Mid-trial, the prosecutor and Chavez reached a plea deal. Chavez pleaded no contest to one charge of involuntary manslaughter and one of attempted murder. He admitted that he personally used a firearm in connection with the voluntary manslaughter charge, and that he was on bail at the time of both charges. Chavez's counsel stipulated to a factual basis for the plea based on the preliminary hearing transcript and the police reports. The court accepted the plea and sentenced Chavez to 29 years and eight months.

In 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) which altered the rules of murder liability to ensure culpability more closely matched punishment. (*People v. Arellano* (2024) 16 Cal.5th 457, 472.) Under the new law, malice may not be imputed to a person based merely on their participation in a crime. (§ 1172.6, subd. (a).) The law provided a mechanism for convicted defendants who could no longer be convicted under the new law to petition for resentencing. (§ 1172.6, subd. (a).)

Chavez availed himself of this procedure. The trial court reviewed briefing from the prosecutor and Chavez's appointed

3

counsel and the record of conviction, including the transcript from the preliminary hearing.  The trial court found the record established that Chavez was the actual shooter and therefore ineligible for relief.

Chavez appeals, arguing the trial court should not have relied on the preliminary hearing transcript in determining that he was ineligible for relief.  He argues the trial court engaged in impermissible factfinding by crediting the testimony of the witnesses at the preliminary hearing.  (*People v. Lewis* (2021) 11 Cal.5th 952, 971–972.)

After the parties completed briefing, the Supreme Court issued its *Patton* decision, which addressed this issue and rejected Chavez's argument.  (*Patton*, *supra*, 17 Cal.5th at p. 564.)  The Supreme Court held that a trial court may properly, and without engaging in impermissible factfinding or credibility determinations, consider a preliminary hearing transcript in determining whether the petitioner has made a prima facie showing for relief.  (*Ibid*.)

The Supreme Court clarified that the section 1172.6 resentencing process involves three stages.  (*Patton*, *supra*, 17 Cal.5th at p. 562.)  At the first stage, the petitioner must only submit a facially valid petition.  (*Ibid*.)  Petitioners who do so are entitled to counsel, if requested, and to proceed to the next step.  (*Ibid*.)  At the next step, the trial court determines whether the petitioner has made a prima facie showing of eligibility for relief.  (*Ibid*.)  The final stage is an evidentiary hearing at which the court evaluates the evidence to assess if the petitioner is entitled to relief.  (*Ibid*.)

At the second stage, the goal is to eliminate meritless petitions.  (*Patton*, *supra*, 17 Cal.5th at p. 563.)  To this end, the

4

trial court considers the record of conviction, including any transcripts from a preliminary hearing, and any response from the prosecutor. (*Id*. at pp. 563–564.) If the record refutes the petitioner's allegations in the petition – in other words, shows that the petitioner's conviction is valid under the current law – the petitioner is not eligible for relief. (*Id*. at p. 564.)

Under section 1172.6, subdivision (c), the petitioner has the right to file a response to the prosecutor's brief. This is the petitioner's opportunity to overcome any appearance of ineligibility based on the record of conviction. To do so, the petitioner must provide nonconclusory allegations that alert the court and prosecution to the issues to be decided at the evidentiary hearing. (*Patton*, *supra*, 17 Cal.5th at p. 567.) If he fails to do so, such as by relying solely on the conclusory allegations in the petition, the court properly relies on the preliminary hearing transcript in denying relief. (*Id*. at pp. 565–566 [relying on undisputed facts to counter unsupported conclusions of law does not constitute factfinding]).)

Here, the trial court properly looked to the preliminary hearing transcript in determining whether Chavez made a prima facie showing for relief. However, because Chavez did not have the benefit of the guidance in *Patton* as to what section 1172.6 requires at the prima facie stage, we remand to allow him the opportunity to provide nonconclusory allegations showing he is eligible for relief.

///

///

///

5

## DISPOSITION

We remand with instructions for the trial court to consider any amended allegations filed by Chavez within 30 days of remand.  We otherwise affirm the order.


WILEY, J.

We concur:


GRIMES, Acting P. J.


VIRAMONTES, J.

6